UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>McDOUGALL, et al.,<br><br>  Defendants. | 1:17-cv-00201-DAD-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 12) |

On July 19, 2017, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. The Complaint awaits the court's screening required under 28 U.S.C. 1915. Thus, to date the court has not found any cognizable claims in plaintiff's Complaint for which to initiate service of process, and no other parties have yet appeared. Plaintiff asserts that he has mental and physical handicaps, including limited learning skills, and he is unable to afford an attorney. Plaintiff also asserts that he was told that the media has reported about his cases. This does not make plaintiff's case exceptional under the law. Plaintiff's claims, based on retaliation and interference with mail, do not appear complex. Moreover, a review of the record in this case shows that plaintiff is responsive, adequately communicates, and is able to articulate his claims. The court notes that plaintiff has filed other cases pro se and appears able to navigate the federal court system. Therefore, plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **July 27, 2017**              /s/ Gary S. Austin
                                          UNITED STATES MAGISTRATE JUDGE