UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>         Plaintiff,<br><br>   v.<br><br>MCDOUGALL, et al.,<br><br>         Defendants. | 1:17-cv-00201-DAD-GSA-PC<br><br>FINDING AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br>(ECF No. 26.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

## I. BACKGROUND

William J. Gradford ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds with Plaintiff's initial complaint, filed on February 13, 2017, against defendants Tiexiera and McCarthy for retaliation in violation of the First Amendment. (ECF No. 1.)

On February 9, 2018, Plaintiff filed a request for the court to monitor his safety and well-being, and to protect him upon his release in November 2018 to serve his probation. (ECF No. 26.) The court construes Plaintiff's request as a motion for preliminary injunctive relief.

## II. PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely

1

to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

**Discussion**

Plaintiff is presently incarcerated at Mule Creek State Prison in Ione, California. Plaintiff seeks a court order ensuring his safety and well-being there, along with protection upon his release in November 2018 when he begins to serve his probation.

The court lacks jurisdiction to issue the order sought by Plaintiff. The events at issue in Plaintiff's Complaint for this action allegedly occurred at the Stanislaus County Public Safety Center in Modesto, California, when Plaintiff was detained there before he was transferred to Mule Creek State Prison. The order Plaintiff seeks would require persons who are not defendants in this action, and who are not before the court, to act on Plaintiff's behalf. The only defendants in this case are defendants Tiexiera and McCarthy, who are employed at the

Stanislaus County Public Safety Center. Moreover, neither of the defendants has appeared in this case. As discussed above, the court "may not attempt to determine the rights of persons not before the court." Zepeda, 753 F.2d at 727. Therefore, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on February 9, 2018, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 22, 2018**         /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE