UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>               Plaintiff,<br><br>   v.<br><br>MCDOUGALL, et al.,<br><br>               Defendants. | 1:17-cv-00201-DAD-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br>(ECF No. 28.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

## I. BACKGROUND

William J. Gradford ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's initial Complaint, filed on February 13, 2017, against defendants Tiexiera and McCarthy, deputies of the Stanislaus County Sheriff's Department ("SCSD"), for retaliation in violation of the First Amendment. (ECF No. 1.)

On March 1, 2018, Plaintiff filed a request for a court order to stop unlawful conduct by deputies of the SCSD named in civil suits pending in this court, including defendants Tiexiera and McCarthy, upon Plaintiff's release from state prison scheduled to occur on November 26,

2018. (ECF No. 28.) The court construes Plaintiff's request as a motion for preliminary injunctive relief.

**II.  PRELIMINARY INJUNCTIVE RELIEF**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

**Discussion**

Plaintiff is presently incarcerated at Mule Creek State Prison in Ione, California, he seeks a court order protecting him from unlawful conduct by Stanislaus County Sheriff's

Department deputies upon his release from state prison which is scheduled to occur in November of 2018.

The court lacks jurisdiction to issue the order sought by Plaintiff because the order requested by Plaintiff would not remedy any of the claims upon which this case proceeds. This action is proceeding against defendants Tiexiera and McCarthy for retaliation based on events occurring back in December 2016. Plaintiff now requests a court order protecting him from present and future actions by defendants and other deputy sheriffs who are in other pending actions. Because such an order would not remedy any of the claims in this case based upon events occurring in December 2016, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on March 1, 2018, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated: __**March 19, 2018**__        __/s/ Gary S. Austin__
                                                                   UNITED STATES MAGISTRATE JUDGE