1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM J. GRADFORD,                    1:17-cv-00201-DAD-GSA (PC)

12                   Plaintiff,
                                             ORDER DENYING MOTION FOR
13          v.                               APPOINTMENT OF COUNSEL

14   Mc DOUGALL, et al.,                     (Document# 36)

15                   Defendants.

16

17          On April 2, 2018, plaintiff filed a motion seeking the appointment of counsel.  Plaintiff

18   does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113

19   F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff

20   pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

21   District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain

22   exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

23   section 1915(e)(1).  Rand, 113 F.3d at 1525.

24          Without a reasonable method of securing and compensating counsel, the court will seek

25   volunteer counsel only in the most serious and exceptional cases.  In determining whether

26   "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

27   the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

28   complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

                                                     1

In the present case, Plaintiff argues that he fears retaliation, has physical and mental disabilities, and is not trained in the law. This alone does not make Plaintiff's case exceptional. While the Court has found that Plaintiff's complaint states claims under § 1983 against defendants Tiexiera and McCarthy for retaliation in violation of the First Amendment," this finding is not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 19 at 1:22-24.) Plaintiff's retaliation claims do not appear complex, and based on a review of the record in this case, it appears that Plaintiff can adequately articulate his claims and respond to court orders. Thus, the Court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **April 5, 2018**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE