UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>MCDOUGALL, et al.,<br><br>        Defendants. | 1:17-cv-00201-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL PRODUCTION OF INTERNAL AFFAIRS INVESTIGATION DOCUMENTS (ECF Nos. 41, 42, 43.)**<br><br>**ORDER REQUIRING DEFENDANTS TO PRODUCE RECORDS OF PRISONERS' STATEMENTS THAT ARE NOT PART OF INTERNAL AFFAIRS INVESTIGATION DOCUMENTS AND ARE WITHIN DEFENDANTS' POSSESSION, CUSTODY, OR CONTROL, WITHIN THIRTY DAYS**<br><br>**THIRTY-DAY DEADLINE FOR PLAINTIFF TO FILE REQUEST FOR ISSUANCE OF SUBPOENA DUCES TECUM** |

**I.    BACKGROUND**

William J. Gradford ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds with Plaintiff's initial Complaint, filed on February 13, 2017, against defendants Tiexiera and McCarthy ("Defendants") for retaliation in violation of the First Amendment. (ECF No. 1.)

1

On March 23, 2018, the court issued a discovery and scheduling order, opening discovery and setting out pretrial deadlines for the parties to this case. (ECF No. 33.) The deadline to complete discovery, including the filing of motions to compel, expired on August 23, 2018. Thus, discovery is now closed.

On June 4, 2018, Plaintiff filed three motions to compel. (ECF Nos. 41, 42, 43.) On June 12, 2018, Defendants filed a response to the motions. (ECF No. 44.) On June 20, 2018, Plaintiff filed a reply to Defendants' response. (ECF No. 45.) Plaintiff's motions to compel are now before the court. Local Rule 230(*l*).

**II.  DISCOVERY -- LEGAL STANDARDS**

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party

should so state with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, custody, or control, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). Boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Id.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff is a state prisoner presently incarcerated at Mule Creek State Prison in Ione, California, in the custody of the California Department of Corrections and Rehabilitation. The events at issue in the Complaint allegedly occurred at the Stanislaus County Public Safety Center in Modesto, California, when Plaintiff was detained there as a pretrial detainee in the custody of the Stanislaus County Sheriff.

This case now proceeds only against defendants Tiexiera and McCarthy for retaliation in violation of the First Amendment. (ECF No. 1.) On January 11, 2018, the court issued an order dismissing all other claims and defendants from this case.[1] (ECF No. 22.)

The allegations recited below reflect Plaintiff's allegations against defendants Tiexiera and McCarthy for retaliation, upon which this case now proceeds.

On December 5, 2016, Plaintiff went to court on pending charges and while he waited in the holding cell to be called into court, an inmate (Inmate Ibanez) had a seizure on the floor. While waiting fifteen to twenty minutes for medical help to arrive, Plaintiff and other inmates felt very uncomfortable, but deputies outside of the holding cell were unconcerned. When a Safety Center nurse arrived, Inmate Ibanez, who only spoke Spanish, was unresponsive from the seizure. The nurse asked defendant Deputy Tiexiera to sit Inmate Ibanez up so she could take his vital signs. Defendant Tiexiera became very upset, grabbed Inmate Ibanez, who was still unresponsive, by the collar with both hands, threw Ibanez against the wall, and placed his foot securely on Ibanez's leg to keep him from sliding down the wall. Afterward, Plaintiff told defendant Tiexiera that he was going to file a grievance against him for what he did, and defendant Tiexiera told Plaintiff that he "would be next if [he] or other inmates said anything about this incident." (ECF No. 1 at 6 ¶3.) Defendant Tiexiera threatened Plaintiff with great bodily harm if he spoke up. Plaintiff immediately filed a grievance, fearing for his life. Plaintiff was told that defendant Tiexiera was fired because of this incident and it was proven what he did to Inmate Ibanez.

On December 5, 2016, after Plaintiff reported Deputy Tiexiera for throwing Inmate Ibanez against the wall and threatening Plaintiff, word spread that Plaintiff was going to file a grievance against Deputy Tiexiera for using violence against a down inmate. Deputy McCarthy, who was working on the same day as Tiexiera, told Plaintiff, "Gradford! If you know what's good for you, you will keep your mouth shut." (ECF No. 1 at 7 ¶3.) Plaintiff took McCarthy's

---

[1] The court dismissed Plaintiff's claims concerning mail interference, failure to protect, and false disciplinary charges, and also dismissed defendants McDougall, Meservey, and Safford from this action, for violation of Rule 18 and Plaintiff's failure to state any claims upon which relief may be granted. (ECF No. 22.) Therefore, this case now proceeds only against defendants Tiexiera and McCarthy for retaliation.

threat seriously and filed a grievance against Deputy McCarthy for making a death threat. Plaintiff is extremely worried and afraid he will be harmed by Deputies McCarthy, Tiexiera, or other deputies in the main jail and the second jail (Safety Center). Plaintiff alleges that his safety and life are at very high risk.

## IV. RETALIATION CLAIM - LEGAL STANDARD

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

As discussed by the Ninth Circuit in Watison v. Carter:

> "A retaliation claim has five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).
>
> Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere *threat* of harm can be an adverse action...." Brodheim, 584 F.3d at 1270.
>
> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987).
>
> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569.
>
> Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984)."

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

///

## V. PLAINTIFF'S MOTIONS TO COMPEL

On June 4, 2018, Plaintiff filed three motions to compel, which all seek to compel production of documents regarding any investigation conducted by the Internal Affairs Unit of the Stanislaus County Sheriff's Department against Deputies Tiexiera and McCarthy for threatening Plaintiff with harm. Plaintiff also seeks to compel records of all statements made by prisoners who were in the holding tank during Inmate Ibanez's medical emergency on December 5, 2016.

Defendants respond that they do not have access to Internal Affairs investigative documents if the initiating complaint is determined to be unfounded or unsubstantiated, as it was in this case. Defense counsel, Dan Ferrar, declares that he contacted the Sheriff's Office and asked a Captain in administration if the Defendants were legally allowed to obtain copies of Internal Affairs investigations. (Decl. of Dan Ferrar, ECF No. 44 at 2 ¶4.) He was told that deputies are only allowed to obtain a copy of the investigation reports if the complaint was determined to be founded. (Id.) Defendants assert that in this case, the Internal Affairs investigation of Plaintiff's grievance was conducted by the Sheriff's Department, which concluded the grievance was unfounded. (Id. at 3 ¶5.)

Defendants suggest that Plaintiff can obtain the documents he seeks from the Sheriff's Office via subpoena. In closing, defense counsel asserts, "If the Court indicates it would issue a subpoena for the [Internal Affairs] investigation if requested by Mr. Gradford, I would ask the [Sheriff's Office] to voluntarily produce the documents without further process." (Id. at 3 ¶7.)

In his reply to Defendants' response, Plaintiff asserts that he has responded to Defendants' requests in good faith, but defense counsel unreasonably continues to state that he (counsel) is confused or does not understand Plaintiff's letters, interrogatories, or admissions.

**Discussion**

Plaintiff seeks copies of reports of investigations conducted by the Internal Affairs Unit of the Stanislaus County Sheriff's Department following Plaintiff's jail grievances complaining about retaliation by Deputies Tiexiera and McCarthy. It appears that Plaintiff submitted two jail grievances/complaints, on January 6, 2017, and July 6, 2017, complaining that Deputies Tiexiera

and McCarthy threatened him with harm if he reported on misconduct by Deputy Tiexiera. (ECF No. 41 at 9, 10.) Plaintiff also seeks records of any statements made by prisoners who were in the holding tank on December 5, 2016, about what happened during Inmate Ibanez's medical emergency on that date.

The court surmises that the records of statements by prisoners are part of the investigative reports by the Internal Affairs Unit. However, if the statements are not part of the investigative reports requested by Plaintiff, Defendants shall be compelled to produce all records of the prisoners' statements that are within Defendants' possession, custody, or control.

The court finds that Defendants have adequately responded to Plaintiff's requests for production of Internal Affairs investigation reports. Defendants have made a reasonable inquiry and exercised due diligence in attempting to obtain the Internal Affairs investigation documents, but they do not have access to those reports. Defendants are only required to produce documents in their possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Therefore, Plaintiff's motion to compel production of Internal Affairs investigation reports from Defendants shall be denied.

The Stanislaus County Sheriff's Department is not a party to this case and therefore is not required to produce documents pursuant to Plaintiff's informal requests. While discovery is permissible against nonparties under Rule 45, an informal request is not enough. Fed. R. Civ. P. 45. A Rule 45 subpoena is the only discovery method by which information may be obtained from a nonparty. Rule 45 subpoenas permit discovery from nonparties equivalent to discovery from parties under Rule 34. (See Adv. Comm. Note on 1991 Amendment to Fed. R. Civ. P. 45.) Thus, because Plaintiff did not make a request via subpoena, the Sheriff's Department was not required to produce the documents he requested, and Plaintiff's motion to compel production of documents from the Sheriff's Department shall be denied.

Plaintiff shall be granted an opportunity to request the issuance of a subpoena *duces tecum* directed to the Stanislaus County Sheriff's Department, requesting production of the documents he seeks. Plaintiff shall be granted thirty days in which to file a written request for the court to issue a subpoena *duces tecum*.

///

## VI. CONCLUSION

The court finds that Plaintiff's motions to compel Internal Affairs investigation reports must be denied. However, to the extent that records of statements by prisoners requested by Plaintiff are not part of the Internal Affairs investigation reports, Defendants shall be compelled to produce any of those records that are within Defendants' possession, custody, or control.

Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of a subpoena *duces tecum*, commanding the production of documents from a non-party, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). A subpoena shall "command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person." Fed. R. Civ. P. 45(a)(1)(iii).

Should Plaintiff choose to file a request for the issuance of a subpoena *duces tecum*, Plaintiff must (1) file a written request to the court, (2) identify with specificity the documents sought and from whom, and (3) make a showing in the request that the records are only obtainable through that third party. Further, documents requested must fall within the scope of discovery allowed in this action. Fed. R. Civ. P. 26(b)(1).

Therefore, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to compel Internal Affairs investigation records from Defendants and the Stanislaus County Sheriff's Department, filed on June 8, 2018, are DENIED;

2. To the extent that records of prisoner statements requested by Plaintiff are not part of the Internal Affairs investigation records, Defendants are compelled to produce all of those records which are within their possession, custody, or control, within thirty days from the date of service of this order;

3. Plaintiff is granted an opportunity to request the issuance of a subpoena *duces tecum* to obtain the documents he seeks from the Stanislaus County Sheriff's Department;

///

4. Within thirty days from the date of service of this order, Plaintiff may file a written request to the court as instructed by this order, requesting the issuance of a subpoena *duces tecum* directed to the Stanislaus County Sheriff's Department, for production of the Internal Affairs investigation reports and records of prisoner statements sought by Plaintiff; and

4. If Plaintiff does not file a request for issuance of a subpoena *duces tecum* pursuant to this order within the thirty-day deadline, the court shall consider this matter closed, and this case shall proceed without further notice.

IT IS SO ORDERED.

Dated: **September 12, 2018**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE