UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD, <br><br> Plaintiff, <br><br> v. <br><br> DEPUTY TIEXIERA and DEPUTY McCARTHY, <br><br> Defendants. | 1:17-cv-00201-DAD-GSA-PC <br><br> **ORDER DENYING PLAINTIFF'S MOTIONS TO MODIFY SCHEDULING ORDER, REOPEN DISCOVERY AND ISSUE SUBPOENAS** <br> **(ECF Nos. 59, 62.)** |

**I.  BACKGROUND**

William J. Gradford ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds with Plaintiff's initial Complaint filed on February 13, 2017, against defendants Deputy Tiexiera and Deputy McCarthy ("Defendants") for retaliation in violation of the First Amendment.  (ECF No. 1.)

On March 23, 2018, the court issued a Discovery and Scheduling Order setting pretrial deadlines for the parties, including a discovery deadline of August 23, 2018, and a dispositive motion filing deadline of October 22, 2018.  (ECF No. 33.)  These deadlines have now expired and no dispositive motions have been filed.

On October 25, 2018, Plaintiff filed a motion to reopen discovery. (ECF No. 59.) On October 25, 2018, Defendants filed an opposition to the motion. (ECF No. 60.) On November 6, 2018, Plaintiff filed a reply to Defendants' opposition. (ECF No. 61.)

On November 5, 2018, Plaintiff filed a second motion to reopen discovery. (ECF No. 62.) On November 6, 2018, Defendants filed an opposition to the second motion. (ECF No. 63.) Plaintiff has not filed a reply to the opposition and the time for Plaintiff to file a reply has expired. Local Rule 230(*l*).

Plaintiff's motions to reopen discovery are now before the court. Local Rule 230(*l*).

## II. MOTION TO MODIFY SCHEDULING ORDER

Plaintiff's two motions to modify the Discovery and Scheduling order are largely the same and shall be considered together by the court.

### A. Legal Standards

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

### B. Plaintiff's Motions

Plaintiff requests that discovery be reopened to allow him time to request records from the Stanislaus County Sheriff's Department by subpoena. Plaintiff seeks the production of Defendants' personnel records and records of any Internal Affairs investigations against Defendants that may document potential witnesses for Plaintiff. Plaintiff requests that the court issue a subpoena to the Stanislaus County Sheriff's Department to produce Defendants'

personnel records for *in camera* review by the court to determine if they contain information relevant to this case that may be provided to Plaintiff. Plaintiff argues that he is uneducated in law and has learning disabilities, and it has taken him a long time to comprehend the law and the procedures pertaining to his multiple pending cases.

Defendants oppose Plaintiff's motion because the discovery deadline in this case expired on August 28, 2018, and Plaintiff presents no evidence or argument establishing good cause to reopen discovery. Defendants assert that the court previously gave Plaintiff the opportunity to subpoena the Internal Affairs files from the Stanislaus County Sheriff's Department, which Plaintiff expressly declined.

Plaintiff responds that he suffers from life-long learning disabilities, is untrained in law, and has great difficulty understanding the law which causes him to struggle with the litigation of this case and his other related pending cases.

**Discussion**

Plaintiff has not shown good cause for the court to reopen discovery. Plaintiff asserts that it has taken him a long time to comprehend how to litigate this case, suggesting that he did not understand until now that he should request a subpoena for copies of Internal Affairs documents from the Stanislaus County Sheriff's Department. However, the court offered Plaintiff an opportunity to request a subpoena for that purpose on September 12, 2018, and Plaintiff notified the court that he did not wish to file such a request.[1]

Plaintiff has not shown that even with the exercise of due diligence, he did not have an opportunity until now to request a subpoena. Reopening discovery at this time, after all of the deadlines in the scheduling order have expired and the case is ready for trial, would prejudice

---

[1] On June 4, 2018, Plaintiff filed three motions to compel Defendants to produce documents and witness statements from Internal Affairs. (ECF Nos. 41, 42, 43.) Defendants responded that they do not have access to records from Internal Affairs and suggested that Plaintiff could obtain the documents from the Stanislaus County Sheriff's Department by subpoena. (ECF No. 44 at 2 ¶¶ 4, 5.) On September 12, 2018, the court offered Plaintiff an opportunity to request a subpoena for that purpose, (ECF No. 50), but Plaintiff responded on September 24, 2018, that he did not wish to request a subpoena. (ECF No. 51 at 4:1-15.)

Defendants.  Therefore, the court does not find good cause to reopen discovery at this juncture, and Plaintiff's motions to modify the scheduling order is denied.

**IV. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motions to modify the court's Discovery and Scheduling Order, reopen discovery, and issue subpoenas, filed on October 25, 2018, and November 5, 2018, are DENIED.

IT IS SO ORDERED.

Dated: **November 26, 2018**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE