UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>                Plaintiff,<br><br>    v.<br><br>DEPUTY TIEXIERA and DEPUTY McCARTHY,<br><br>                Defendants. | 1:17-cv-00201-DAD-GSA-PC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO ADD EXHIBITS**<br>**(ECF No. 96.)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO: 1-VACATE VOLUNTARY DISMISSAL AND SETTLEMENT AGREEMENT; AND, 2-TO RESCHEDULE SETTLEMENT CONFERENCE**<br>**(ECF No. 87.)** |

Before the Court is Plaintiff's motion to vacate the parties' voluntary dismissal and settlement agreement, and to reschedule the settlement conference. (ECF No. 87.) For the reasons set forth below, the Court denies the motion.

I.      **BACKGROUND**

William J. Gradford ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On February 13, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) At the time of the events at issue in this case Plaintiff was a pretrial detainee incarcerated at the Stanislaus County Public

1

Safety Center in Modesto, California. Before the case was closed Plaintiff proceeded with retaliation claims against defendants Deputy Tiexiera and Deputy McCarthy, in violation of the First Amendment.

On May 1, 2019, the case was referred to Magistrate Judge Barbara A. McAuliffe for settlement proceedings scheduled for May 15, 2019. On May 7, 2019, before the settlement conference took place, the parties filed a stipulation for voluntary dismissal of this case, with prejudice. (ECF No. 87.) Thereafter, on May 8, 2019, the court dismissed the case with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), pursuant to the stipulation, and the case was closed. (ECF No. 88.) On May 10, 2019, the settlement conference was vacated from the Court's calendar. (ECF No. 89.) The terms of the parties' settlement agreement were not placed on the record.

On May 26, 2020, Plaintiff filed a motion to vacate the voluntary dismissal and the settlement agreement, and to reschedule the settlement conference. (ECF No. 97.) On June 11, 2020, defendants McCarthy and Tiexiera filed an opposition to the motion. (ECF No. 99.) Plaintiff has not filed a reply. The motion is now before the court. Local Rule 230(*l*).

## II. LEGAL STANDARDS

### A. Rule 60(b) of the Federal Rules of Civil Procedure

Under Federal Rule of Civil Procedure 60, "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

### B. Court's Jurisdiction Over Settlement Agreements

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) "Federal courts have no inherent power to enforce settlement agreements entered into by parties litigating before them." K.C. ex rel. Erica C. v. Torlakson, 762 F.3d 963, 967 (9th Cir. 2014) (internal quotation marks and citations omitted). "Rather, courts have ancillary jurisdiction

to enforce a settlement agreement only 'if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." Id. (quoting Kokkonen, 511 U.S. at 381.)

Generally, when a district court dismisses an action with prejudice, federal jurisdiction ends and a dispute arising under the settlement agreement is a separate contract dispute that requires its own independent basis for jurisdiction. Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016).

However, courts do have the authority to enforce a settlement agreement while the litigation is still pending or when the settlement agreement is referenced in the dismissal order or the court has retained jurisdiction to enforce the agreement. In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994); Kelly, 822 F.3d at 1095. But such ancillary jurisdiction exists only if the settlement agreement was "made part of the dismissal," by retaining jurisdiction over the agreement, "or by incorporating the terms of the settlement agreement in the order." Kokkonen, 511 U.S. at 281. The Ninth Circuit has held that the Kokkonen analysis applies "with equal force" to "effort[s] to undo rather than to enforce a settlement agreement." See Camacho v. City of San Luis, 359 Fed. App'x 794, 798, (9th Cir. 2009) (district court did not abuse its discretion when it declined to exercise jurisdiction over a request to undo a settlement agreement over which the court had not previously retained jurisdiction).

### III.   PLAINTIFF'S MOTION

Plaintiff argues that the parties' voluntary dismissal and settlement agreement should be vacated because he was suffering from mental illness at the time he entered into those agreements. He explains that before the settlement he abused drugs and alcohol and suffered from depression. Plaintiff contends that because of his poor state of mind the agreements he entered into were not "reasonable." (ECF No. 97 at 26:29.) He asserts that after the settlement he successfully graduated from a 60-day drug treatment program and then a 90-day outpatient drug program.

Defendants respond that it appears Plaintiff is dissatisfied with the amount of the settlement and wants more, as evidenced by his request for a settlement conference. They argue that Plaintiff does not establish any facts meeting the criteria of Rule 60, and because he voluntarily entered into the settlement, received compensation of $3,000.00, and dismissed the action, there are no valid grounds for the relief he seeks.

## IV.   DISCUSSION

### A.   Motion to Vacate Voluntary Dismissal

The Court finds no justification for relief based on any of the enumerated grounds of Rule 60(b). As correctly argued by Defendants:

> "[Plaintiff] does not argue the settlement was the result of mistake, inadvertence, surprise, or excusable neglect per rule 60(b)(1). He does not identify newly discovered evidence per rule 60(b)(2). He does not identify fraud, misrepresentation or misconduct by defendants per rule 60(b)(3). There is no 'judgment' so rule 60(b)(4) and (5) do not apply. That leaves rule 60(b)(6).
>
> Personal, emotional, mental and social conditions do not justify setting aside the order of dismissal under rule 60(b)(6). This rule is used 'sparingly as an equitable remedy to prevent manifest injustice.' United States v. Alpine Land Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). To receive relief under Rule 60(b)(6), a party must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute [his case].' Tani, 282 F.3d at 1168[1] (citing Martella v. Marine Cooks Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam)). Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010)."

(ECF No. 93 at 2:11-22.)

Plaintiff provides no evidence that his medical condition or medications made him incapable of competently participating in the settlement conference. Plaintiff attaches documents to his motion pertaining to the counseling services scheduled for Plaintiff by the Probation

---

[1] Community Dental Services v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002).

Department and his Inmate Requests while in jail.[2] (ECF No. 96 at 37-52.) None of these documents provide evidence that Plaintiff was incompetent to agree to the settlement agreement or the voluntary dismissal. At no point did Plaintiff assert that he was incapable of making an informed settlement decision due to any medical condition or medications.

Based on the above, the Court does not find that Defendants committed any fraud, misrepresentation, or other misconduct that would warrant vacating the parties' voluntary dismissal or the Court's order closing this case. Cf. Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162, 937 F.2d 408, 410-11 (9th Cir. 1991) ("repudiation . . . or 'complete frustration'" of the parties' settlement agreement provided justification for "vacating the court's . . . dismissal order" pursuant to Rule 60(b)). Therefore, the Court shall deny Plaintiff's motion to vacate the dismissal and reopen this case.

### B. Motion to Vacate Settlement Agreement

Here, the parties entered into a stipulation of dismissal with prejudice, and this action was terminated on May 8, 2019. (ECF No. 88.) The parties' stipulation states in its entirety: "The parties stipulate this matter be dismissed with prejudice. All parties shall bear their own fees and costs." (ECF No. 87.) The parties did not attach a settlement agreement, incorporate the terms of the settlement, or even refer to a settlement agreement. Thus, the court did not retain jurisdiction.

"The construction and enforcement of settlement agreements are governed by principles of [state] law which apply to contracts generally." Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1990). Even though the underlying cause of action in this case was based upon a federal statute, any challenge to the settlement agreement is "treated as any other contract for purposes of interpretation." United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992). Without some other basis for federal jurisdiction, the court cannot exercise jurisdiction over a state law claim. See Zone Sports Center Inc. LLC v. Red Head, Inc., No. 11-cv-0634 JST, 2013 WL 2252016 at *6 (N.D. Cal. May 22, 2013) ("Unless a federal court

---

[2] On May 27, 2020, Plaintiff filed a motion for the court to allow the exhibits he submitted in support of his motion. (ECF No. 96.) The court grants this motion

expressly retains jurisdiction over the enforceability or validity of a settlement agreement, a federal court cannot entertain an action to enforce or undo a settlement agreement if that action lacks an independent basis for federal jurisdiction."). The parties have not alleged, and the court cannot determine any other basis for federal jurisdiction over the validity of the settlement agreement. Accordingly, the court does not have jurisdiction and thus Plaintiff's motion to vacate the settlement agreement shall be denied.

### C. Motion to Reschedule Settlement Conference

As discussed above, the Court shall deny Plaintiff's motion to vacate the parties' voluntary dismissal and also deny the request to vacate the settlement agreement. On this basis, Plaintiff's motion to reschedule the settlement conference shall also be denied.

## V. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to add exhibits in support of his motion to vacate the voluntary dismissal, filed on May 27, 2020, is GRANTED;
2. Plaintiff's motion to vacate the parties' voluntary dismissal and settlement agreement, and to reschedule the settlement conference, filed on May 26, 2020, is DENIED; and
3. This case remains closed and no further filings will be accepted.

IT IS SO ORDERED.

Dated:   **September 5, 2020**                    **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE